UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES,

JUDGE PATTERSON

07 CIV 9313

COMPLAINT

                                        Plaintiffs,

           -against-

M & R EUROPEAN CONSTRUCTION CORP.,

                                        Defendant.
------------------------------------------------------------------X

   Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

   1.   This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and M & R European Construction Corp. ("Employer").

## JURISDICTION

   2.   This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.  Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.  Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.  At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.  The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.  Upon information and belief defendant M & R European Construction Corp. is a domestic corporation incorporated under laws of the State of New York with a principal place of business located at 48-16 70th Street, Woodside, NY 11377.

8.  The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant, M & R European Construction Corp., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2004. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated September 9, 2007 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that M & R European Construction Corp. had failed to make contributions due to the Benefit Funds for the period October 26, 2005 through October 10, 2006, in the principal amount of $98,998.66.

14. The arbitrator also found that M & R European Construction Corp. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant, M & R European Construction Corp. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against M & R European Construction Corp. in the principal amount of $98,998.66, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
October 17, 2007

*/s/ Andrew Grabois*
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

17165

# OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

-----------------------------------------------------------------x

**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and David Meberg, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

Petitioners,

OPINION AND AWARD
OF ARBITRATOR

-against-

M & R EUROPEAN CONSTRUCTION CORP.,
**Respondent.**

-----------------------------------------------------------------x

**APPEARANCES:**

For the Funds:      Steve Kasarda................ Attorney
                    Tomasina Caba............... Legal Assistant
                    Anthony Sgroi ............... Outside Auditor
                    Christopher DeLeon....... Audit Department

For the Employer:   William Thomas.............. Attorney
                    Tammy Hochstein............ Bookkeeper

Pursuant to the provisions of the Collective Bargaining Agreement between this Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 7/1/04, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator

1

was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent for the audit period 10/26/05 through 10/10/06.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 2/27/07, the undersigned by Notice of Hearing dated 3/6/07 scheduled a hearing for 4/11/07 which was adjourned to 5/9/07, and then to 6/11/07 and finally to 7/10/07 in order to determine the dispute between the parties.

**ISSUE:**

"Whether the Respondent Employer, M & R European Construction Corp., is obligated to pay the alleged delinquent fringe benefit contributions for the period 10/26/05 through 10/10/06? And if so, what shall the remedy be?"

BACKGROUND

The Petitioners state they are third-party beneficiaries to a collective bargaining agreement (CBA) between the New York City District Council of Carpenters (hereinafter called the Petitioners/Funds (Funds) ) and M & R European Construction Corp. [hereinafter called the Respondent/Employer (Employer)] for the performance of carpenter related work.

The underlying CBA provides for certain payments to the Fringe Benefit Trust Funds on behalf of all the carpenter-employees of an employer and member-employer that is bound thereto. In addition, the subject contract authorizes the Petitioners to conduct an audit of an employer's books and records in order to verify that all the required contributions were made to

2

each of the Fringe Benefit Trust Funds such as Pension, Welfare, Vacation, Annuity, and Apprenticeship Training, etc. (hereinafter called the Funds). It is the responsibility of the Petitioners' Trustees of the aforesaid Trust Funds to collect contributions and to maintain said Funds.

In accordance with the CBA auditing provision an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners established that an audit of the Respondent's books and records had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 10/26/05 through 10/10/06. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audit conduct was also received into evidence. The Petitioners requested that the total amount of the delinquency and interest monies due including delinquency assessment and interest, plus their attorney's fee, the fee of the arbitrator, court costs, audit costs, due promotional fund be imposed upon the Respondent all as required and set forth in the underlying written contract.

The record established the Employer claimed an inability to pay the full amount it owes the Funds and had requested a payment plan to satisfy the aforementioned Funds delinquency.

3

The Funds agreed to provide the Respondent with a payment plan requiring the principal officer of this company to sign said Agreement no later than 7/23/07.

Subsequent to 7/23/07, the Funds notified this Arbitrator that it had forwarded the payment plan to the Respondent's counsel and that the principal officer neither executed the payment plan or requested an extension of time. As per the agreement reached between the parties at the July 10, 2007 arbitration hearing, the Funds Agreement to provide a payment plan to the Respondent was conditioned upon the principal of the company executing same no later than July 23, 2007 or the Arbitrator would issue an award for the claimed amount of delinquency as well as all expenses, fees and interest.

Therefore the Petitioners request an award wherein the total sum due the Funds, plus interest, liquidated damages, the fee of the arbitrator and any other related costs be imposed upon the Respondent as required and set forth in the underlying CBA.

## AWARD

Upon the substantial and credible evidence of the case as a whole the Arbitrator finds M & R European Construction Corp. in violation of its collective bargaining Agreement with the NYC District Council of Carpenters by its failure to pay fringe benefit monies for the audit period 10/26/05 through 10/10/2006 and other related fees in accordance with the terms and provisions of the collective bargaining Agreement in the following amounts:

**Principal**............................................ $73,257.62

**Interest** ............................................. $ 6,500.34

**Liquidated damages**............................... $14,651.52

| | |
|---|---|
| **Late Payment Interest** ............................. | $18.83 |
| **Promotional Fund** ..................................... | $ 770.35 |
| **Attorney's fee**.......................................... | $1,500.00 |
| **Arbitration Costs** .................................... | $ 500.00 |
| **Court Costs** ............................................. | $ 350.00 |
| **Audit Costs** ............................................. | $1,450.00 |
| **Total** ....................................................... | $98,998.66 |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Ninety-eight Thousand Nine Hundred Ninety-eight and 66/100 dollars ($98,998.66) which is to be paid forthwith by M & R European Construction Corp. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
September 9, 2007

_____
ROGER E. MAHER, Arbitrator

To:   Steven Kasarda, Esq.
      General Counsel
      New York District Council Of Carpenters Benefit Fund
      395 Hudson Street
      New York, NY  10014


      William Thomas, Esq.
      89 Fifth Avenue   Suite 900
      New York, NY  10003


      Ms. Tomasina Caba
      New York District Council Of Carpenters Benefit Fund
      395 Hudson Street
      New York, NY  10014

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER