17165

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
------------------------------------------------------------------x
In the matter of the Arbitration between

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and David Meberg, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

Petitioners,

**OPINION AND AWARD
OF ARBITRATOR**

-against-

M & R EUROPEAN CONSTRUCTION CORP.,
Respondent.
------------------------------------------------------------------x

**APPEARANCES:**

For the Funds:      Steve Kasarda............... Attorney
                    Tomasina Caba............... Legal Assistant
                    Anthony Sgroi .............. Outside Auditor
                    Christopher DeLeon....... Audit Department

For the Employer:   William Thomas.............. Attorney
                    Tammy Hochstein............ Bookkeeper

Pursuant to the provisions of the Collective Bargaining Agreement between this Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 7/1/04, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator

1

was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent for the audit period 10/26/05 through 10/10/06.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 2/27/07, the undersigned by Notice of Hearing dated 3/6/07 scheduled a hearing for 4/11/07 which was adjourned to 5/9/07, and then to 6/11/07 and finally to 7/10/07 in order to determine the dispute between the parties.

**ISSUE:**

"Whether the Respondent Employer, M & R European Construction Corp., is obligated to pay the alleged delinquent fringe benefit contributions for the period 10/26/05 through 10/10/06? And if so, what shall the remedy be?"

BACKGROUND

The Petitioners state they are third-party beneficiaries to a collective bargaining agreement (CBA) between the New York City District Council of Carpenters (hereinafter called the Petitioners/Funds (Funds) ) and M & R European Construction Corp. [hereinafter called the Respondent/Employer (Employer)] for the performance of carpenter related work.

The underlying CBA provides for certain payments to the Fringe Benefit Trust Funds on behalf of all the carpenter-employees of an employer and member-employer that is bound thereto. In addition, the subject contract authorizes the Petitioners to conduct an audit of an employer's books and records in order to verify that all the required contributions were made to

each of the Fringe Benefit Trust Funds such as Pension, Welfare, Vacation, Annuity, and Apprenticeship Training, etc. (hereinafter called the Funds). It is the responsibility of the Petitioners' Trustees of the aforesaid Trust Funds to collect contributions and to maintain said Funds.

In accordance with the CBA auditing provision an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners established that an audit of the Respondent's books and records had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 10/26/05 through 10/10/06. The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audit conduct was also received into evidence. The Petitioners requested that the total amount of the delinquency and interest monies due including delinquency assessment and interest, plus their attorney's fee, the fee of the arbitrator, court costs, audit costs, due promotional fund be imposed upon the Respondent all as required and set forth in the underlying written contract.

The record established the Employer claimed an inability to pay the full amount it owes the Funds and had requested a payment plan to satisfy the aforementioned Funds delinquency.

The Funds agreed to provide the Respondent with a payment plan requiring the principal officer of this company to sign said Agreement no later than 7/23/07.

Subsequent to 7/23/07, the Funds notified this Arbitrator that it had forwarded the payment plan to the Respondent's counsel and that the principal officer neither executed the payment plan or requested an extension of time. As per the agreement reached between the parties at the July 10, 2007 arbitration hearing, the Funds Agreement to provide a payment plan to the Respondent was conditioned upon the principal of the company executing same no later than July 23, 2007 or the Arbitrator would issue an award for the claimed amount of delinquency as well as all expenses, fees and interest.

Therefore the Petitioners request an award wherein the total sum due the Funds, plus interest, liquidated damages, the fee of the arbitrator and any other related costs be imposed upon the Respondent as required and set forth in the underlying CBA.

## AWARD

Upon the substantial and credible evidence of the case as a whole the Arbitrator finds M & R European Construction Corp. in violation of its collective bargaining Agreement with the NYC District Council of Carpenters by its failure to pay fringe benefit monies for the audit period 10/26/05 through 10/10/2006 and other related fees in accordance with the terms and provisions of the collective bargaining Agreement in the following amounts:

| | |
|---|---|
| **Principal**.................................... | $73,257.62 |
| **Interest** ............................................ | $ 6,500.34 |
| **Liquidated damages**............................. | $14,651.52 |

| | |
|---|---|
| **Late Payment Interest** ............................... | $18.83 |
| **Promotional Fund** ...................................... | $ 770.35 |
| **Attorney's fee**............................................. | $1,500.00 |
| **Arbitration Costs** ...................................... | $ 500.00 |
| **Court Costs** ............................................... | $ 350.00 |
| **Audit Costs** ............................................... | $1,450.00 |
| **Total** ......................................................... | $98,998.66 |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Ninety-eight Thousand Nine Hundred Ninety-eight and 66/100 dollars ($98,998.66) which is to be paid forthwith by M & R European Construction Corp. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
       September 9, 2007

_____
ROGER E. MAHER, Arbitrator

To:    Steven Kasarda, Esq.
       General Counsel
       New York District Council Of Carpenters Benefit Fund
       395 Hudson Street
       New York, NY  10014


       William Thomas, Esq.
       89 Fifth Avenue   Suite 900
       New York, NY  10003


       Ms. Tomasina Caba
       New York District Council Of Carpenters Benefit Fund
       395 Hudson Street
       New York, NY  10014

# AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

_____
ROGER E. MAHER